AOELUA SA'OFETALAI, Appellant

v.

AOELUA FAMILY, Appellee

High Court of American Samoa
Appellate Division

AP No. 32-90

April 8, 1992

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, and BETHAM, Associate Judge.

Counsel: For Appellant, Togiola T.A. Tulafono
        For Appellee, Charles V. Ala'ilima

RICHMOND, J.:

This appeal is from a decision of the Land and Titles Division granting appellees' petition to remove the matai title "Aoelua" from

---

*    Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

**   Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Mariana Islands, serving by designation of the Secretary of the Interior.

1

appellant. The appellees, members of the Aoelua communal family, sought the removal based on A.S.C.A. § 1.0411, which provides for removal of matai titles for cause, and A.S.C.A. § 1.0412, which provides for removal of matai titles for absence from American Samoa for more than one year.

The appellant was awarded the title in 1985 by the Land and Titles Division of the High Court, in *Aoelua v. Tagoa'i*, MT No. 01-85 (1985), *aff'd*, AP No. 20-85 (1986). He then went through a title-investiture ceremony in which he and Manu Lealai were presented to the village council as joint titleholders, even though appellant alone was selected as the sole and legitimate titleholder.

Since 1987, the appellant has resided in Tacoma, Washington. The appellant has testified that he left the territory in pursuit of his wife's education in order for her to qualify as a registered nurse. The appellant estimates that this education will take between two and four years to complete, but he admits that she has not yet begun the schooling and will not begin until they earn sufficient funds for the tuition.

The trial court found that Aoelua had been absent from the territory for more than one year. The court then examined the reasons for this absence and the wishes of the family, in order to determine whether to exercise its discretion, available to the court under A.S.C.A. § 1.0412(a), to permit the matai to retain the title despite his absence. The court also considered the appellant's acquiescence with the illegal investiture and use of the title by Manu Lealai. The trial court decided not to exercise its discretion and ordered the removal of the title.

The appellant now argues both that the appellees did not have standing to petition the court for his removal because they did not prove that they were actively serving the matai and family, and that he has not been "absent" from the territory for more than one "continuous" year because he has returned to American Samoa at least once every year.

The appellant's contention that the appellees did not have standing to bring the petition must fail. This requirement of active service is necessary to petition for removal for cause, under A.S.C.A. § 1.0411.[1] While the appellees did petition for removal under this

---

[1] A.S.C.A. § 1.0411(a) provides:

2

provision, they also petitioned under A.S.C.A. § 1.0412, which only requires that the petitioner be a "member of the family of the absent matai."[2] The petition was granted by the trial court pursuant only to the latter statute; the court made no findings or decisions with regard to the former statute. The trial court did find that petitioner Samuelu Aoelua is a member of the Aoelua family, and the appellant did not contest this finding on appeal. Thus, appellee Samuelu Aoelua, who filed the petition on behalf of appellees, had standing to bring the petition under A.S.C.A. § 1.0412.[3]

The appellant also argues that the trial court should not have weighed the wishes of the appellees when considering the "wishes of the family actively serving the matai," A.S.C.A. § 1.0412(a), in the court's decision on whether to exercise its discretion to permit the appellant to retain his title. Instead, the appellant asserts that the support of other family members, who are actively serving him, should have been considered. The appellant's claim that none of the appellees are actively serving the matai is, as the trial court stated, unjustified. His residence thousands of miles from the village makes traditional service to him by the family as a whole virtually impossible. The trial court did find that a substantial number of the appellees are actively participating in family affairs, which the trial court found sufficient to warrant its consideration.

Yet, even if the appellant were correct, we could not say that the trial court abused its discretion. The statute says that the court "*may consider*" (emphasis added) the wishes of the family actively serving the matai. This is not a mandate, but merely the opportunity for the court

---

> A matai may be removed by the High Court upon a petition for removal filed in the High Court by 25 blood members of the matai's family, over 18 years of age, who at the time of the petition are all serving the matai and family according to Samoan custom.

[2] A.S.C.A. § 1.0412(a) provides that: "Any matai absent from American Samoa for more than 1 year may be removed of his title upon petition filed in the High Court *by any member of the family of the absent matai*." (emphasis added).

[3] This Court does not decide whether petitioners would have standing under the other portion of their petition.

to consider these wishes, if it believes the situation warrants its discretion. For the trial court not to have considered these wishes cannot be an abuse of its discretion.

Finally, the appellant argues that he was never "absent" from American Samoa for one "continuous" year. The statute states that "any matai absent from American Samoa for more than 1 year" may be removed upon petition. A.S.C.A. § 1.0412(a). "Absent" is generally defined as "not present; away." *New Webster's Dictionary of the English Language* at 6 (college ed. 1974). Within the context of A.S.C.A. § 1.0412, this logically means away from American Samoa. The appellant testified to voting by absentee ballot and to being registered as an absent resident. While these acts may show that the appellant is still a resident of American Samoa, neither supports his argument that he was not "absent"; to the contrary, they lend support to the idea that he *was* away from the territory.

A.S.C.A. § 1.0404, which governs eligibility to claim or object to matai title succession, provides useful guidance by analogy to a court's attempting to determine whether or not to exercise its discretion to permit the matai to keep the title despite his absence. That section provides that, to be eligible to claim or object to the succession, a person must have resided in American Samoa for one calendar year preceding the claim or objection. The section goes on to permit a bona fide resident who is absent from the territory for specifically listed reasons to register as an absent resident and thus be treated for the purposes of that statute "as if he actually resided in American Samoa." One such reason is "attendance at an education institution." These reasons for absence may guide a court when determining whether to use its discretion.

The trial court's refusal to exercise its discretion was not an abuse of discretion, however, even though appellant's claimed reason for the absence is the education of his wife.[4] First, these reasons, which are not mandated by the relevant statute, A.S.C.A. § 1.0412, are merely guidelines for the court, not a requirement that any matai who meets them must be permitted to keep his title. Second, appellant has not met these guidelines, which specify "*attendance* at an educational institution,"

---

[4] The Court makes no findings here that the education of a spouse qualifies as a reason for absence under A.S.C.A. §1.0404(b) for the purposes of either A.S.C.A. § 1.0412 or A.S.C.A. § 1.0404.

4

because appellant's own testimony indicates that his wife has not yet begun to attend an educational institution.[5]

The trial court also correctly considered the effect of the appellant's absence. In his absence, an unregistered co-holder has been permitted to hold himself out as Aoelua. Appellant's acquiescence to this illegal use of a matai title would presumably continue until the legitimate matai returned, but even if it did not continue, its occurrence in the first place is an appropriate factor for the court to weigh.

Lastly, the statute does not require one "continuous" year of absence, but merely "more than 1 year." This statute is based on the needs of both the matai and the family to remain in close touch.[6] The trial court accurately stated:

> The Fono's enactment of A.S.C.A. § 1.0412(a) merely highlights the self-evident truth that a matai's place is with his family and that the meaningful exercise of his duties demands his continuing presence in the territory.

While the appellant may have returned for short, occasional visits during his residency in Washington, the trial court decided, as a factual matter, that these visits did not constitute a "continuing presence" sufficient to meet the purpose of the statute. We are unable to say that such a decision is clearly erroneous, and we therefore AFFIRM.

_____

[5] This seems to indicate that appellant was incorrectly registered as an absent resident, because he did not meet the statutory requirements. This matter is not before the Court at this time, however.

[6] See, e.g., Galu v. Mariota, 1 A.S.R. 461, 463 (1932) ("the court does not feel the interests of the family can be well served by a matai who does not live in the Village where the family of which he is the matai has its situs").